IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTTY R. GLASSCO, | ) | 4:11CV3231 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director of | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) and has carefully reviewed Petitioner's Motion for Leave to Supplement Petition (filing no. 6) to determine whether Petitioner's claims are, when liberally construed, potentially cognizable in federal court. Condensed and summarized, Petitioner has raised nine claims.

Claim One: Petitioner was convicted in violation of his right to due process because the Information charging him with being a habitual criminal "did not contain sufficient detail" (set forth in Petition as Ground 1).

Claim Two: Petitioner was convicted in violation of his right to due process because the trial court allowed the prosecution to amend the Information *after* Petitioner had been found guilty (set forth in Petition as Ground 2).

Claim Three: Petitioner was convicted in violation of his right to due process because the trial court "improperly assum[ed] prosecution witnesses identified [P]etitioner in exhibits introduced at trial" (set forth in Petition as Ground 4).

| | |
|---|---|
| Claim Four: | Petitioner was convicted in violation of his right to due process because the prosecution failed to produce proof beyond a reasonable doubt of every element of the charged offense (set forth in Petition as Ground 5). |
| Claim Five: | Petitioner was convicted in violation of the Fourth Amendment because law enforcement officers (1) did not have permission to search Petitioner's vehicle (set forth in Petition as Ground 3); and (2) exceeded their lawful authority in obtaining photographs and surveillance video (set forth in Petition as Ground 19). |
| Claim Six: | The court of appeals erred in finding that the trial court did not err in denying Petitioner's motion to suppress evidence (set forth in the Petition as Ground 6). |
| Claim Seven: | The court of appeals erred in finding that the trial court did not err in allowing the state to amend the Information after a verdict had been rendered (set forth in the Petition as Ground 7). |
| Claim Eight: | Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel (1) failed to object to "photo evidence" (set forth in Petition as Ground 10); (2) failed to effectively argue that Petitioner had not consented to a search of his vehicle (set forth in Petition as Ground 11); (3) failed to secure Sarah Mueller as a witness (set forth in Petition as Ground 12); (4) failed to object to the prosecution's *Brady* violation (set forth in Petition as Ground 13); (5) "violated the obligation to [P]etitioner by producing detrimental evidence to the prosecution" (set forth in Petition |

|  | as Ground 13); (6) did not properly argue for a directed verdict (set forth in Petition as Ground 14); (7) failed to object to the trial court's abuse of discretion (set forth in Petition as Ground 15); (8) failed to object to the Information charging Petitioner as a habitual criminal (set forth in Petition as Ground 16); (9) improperly pressured Petitioner into waiving his right to a jury trial (set forth in Petition as Ground 17); (10) failed to impeach the State's witnesses, including Elmer Myer, Duane Myer, Sheriff Moore, and Deputy Monroe (set forth in Petition as Ground 18); (11) did not challenge the legality of Deputy Monroe's arrest of Petitioner (set forth in Motion to Supplement Petition); and (12) failed to move for Judge Owens to recuse himself based on his extensive knowledge of Petitioner's criminal history (set forth in Motion to Supplement Petition). |
|---|---|
| Claim Nine: | Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his appellate counsel (1) failed to argue that Petitioner's trial counsel was ineffective, despite being asked by Petitioner to do so (set forth in Petition as Ground 8); (2) failed to argue that the trial court had abused its discretion (set forth in Petition as Ground 9); and (3) failed to argue that the evidence was insufficient to support Petitioner's conviction (set forth in Petition as Ground 9). |

Liberally construed, the court preliminarily decides that Claims One, Two, Three, Four, Five, Eight, and Nine are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

3

Liberally construed, the court decides that Claims Six and Seven are not cognizable in a federal court habeas action because they do not state a federal constitutional claim. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (reiterating that in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States).

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (filing no. 1), the court preliminarily determines that Claims One, Two, Three, Four, Five, Eight, and Nine, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. The court determines that Claims Six and Seven are not cognizable in a federal court habeas action and are therefore dismissed.

3. The clerk's office is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

4. By **March 16, 2012**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 16, 2012: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.  If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an**

**answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

6. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

   A. By **March 16, 2012**, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

   B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the [*Rules Governing Section 2254*](#) *Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a

        motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 16, 2012**: check for Respondent to file answer and separate brief.

7.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

8.    Petitioner's Motion for Leave to Supplement (filing no. 6) is granted.

DATED this 31st day of January, 2012.

        BY THE COURT:

        *Richard G. Kopf*
        Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.