IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTTY R. GLASSCO, | ) | 4:11CV3231 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director of | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Scotty R. Glassco's ("Petitioner" or "Glassco") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Liberally construing the allegations of Glassco's Petition, Glassco argues he is entitled to a writ of habeas corpus based on the following claims:

Claim One: Petitioner was convicted in violation of his right to due process because the Information charging him with being a habitual criminal "did not contain sufficient detail" (set forth in Petition as Ground 1).

Claim Two: Petitioner was convicted in violation of his right to due process because the trial court allowed the prosecution to amend the Information *after* Petitioner had been found guilty (set forth in Petition as Ground 2).

Claim Three: Petitioner was convicted in violation of his right to due process because the trial court "improperly assum[ed] prosecution witnesses identified [P]etitioner in exhibits introduced at trial" (set forth in Petition as Ground 4).

Claim Four: Petitioner was convicted in violation of his right to due process because the prosecution failed to produce proof

|  |  |
|---|---|
|  | beyond a reasonable doubt of every element of the charged offense (set forth in Petition as Ground 5). |
| Claim Five: | Petitioner was convicted in violation of the Fourth Amendment because law enforcement officers (1) did not have permission to search Petitioner's vehicle (set forth in Petition as Ground 3); and (2) exceeded their lawful authority in obtaining photographs and surveillance video (set forth in Petition as Ground 19).[1] |
| Claim Eight: | Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel (1) failed to object to "photo evidence" (set forth in Petition as Ground 10); (2) failed to effectively argue that Petitioner had not consented to a search of his vehicle (set forth in Petition as Ground 11); (3) failed to secure Sarah Mueller as a witness (set forth in Petition as Ground 12); (4) failed to object to the prosecution's *Brady* violation (set forth in Petition as Ground 13); (5) "violated the obligation to [P]etitioner by producing detrimental evidence to the prosecution" (set forth in Petition as Ground 13); (6) did not properly argue for a directed verdict (set forth in Petition as Ground 14); (7) failed to object to the trial court's abuse of discretion (set forth in Petition as Ground 15); (8) failed to object to the Information charging Petitioner as a habitual criminal (set forth in Petition as Ground 16); (9) improperly pressured Petitioner into waiving his right to a jury trial (set forth in Petition as Ground 17); (10) failed to impeach the |

---

[1] The court dismissed Claims Six and Seven on January 31, 2012, because the claims were not cognizable in a federal court habeas action. (Filing No. 7 at CM/ECF p. 4.)

        State's witnesses, including Elmer Myer, Duane Myer, Sheriff Moore, and Deputy Monroe (set forth in Petition as Ground 18); (11) did not challenge the legality of Deputy Monroe's arrest of Petitioner (set forth in Motion to Supplement Petition); and (12) failed to move for Judge Owens to recuse himself based on his extensive knowledge of Petitioner's criminal history (set forth in Motion to Supplement Petition).

Claim Nine:  Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his appellate counsel (1) failed to argue that Petitioner's trial counsel was ineffective, despite being asked by Petitioner to do so (set forth in Petition as Ground 8); (2) failed to argue that the trial court had abused its discretion (set forth in Petition as Ground 9); and (3) failed to argue that the evidence was insufficient to support Petitioner's conviction (set forth in Petition as Ground 9).

(Filing No. 7 at CM/ECF pp. 1-3.) For the reasons set forth below, Glassco's Petition is dismissed with prejudice.

## I. BACKGROUND

### A. Glassco's Conviction and Direct Appeal

  Glassco was convicted of burglary and misdemeanor theft in 2008 following a bench trial in the Nance County District Court. (Filing No. 9-1 at CM/ECF pp. 44-45.) The district court enhanced Glassco's conviction pursuant to Nebraska's habitual criminal statute. (*Id.* at 61.) The Nebraska Court of Appeals reported the factual and procedural background underlying Glassco's conviction in *State v. Glassco*, No. A-08-

837, 2009 WL 2342740 (Neb. Ct. App. Jul. 28, 2009) ("*Glassco I*"), and the court will not repeat it here. (Opinion available at Filing No. 9-2 at CM/ECF pp. 70-77.) Glassco timely appealed his conviction and sentence to the Nebraska Court of Appeals, which affirmed the conviction and sentence in a detailed opinion. (*Id.*) Thereafter, Glassco sought relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (Filing No. 9-4 at CM/ECF p. 2.)

### B.  Glassco's Post-Conviction Motion and Appeal

Glassco filed a pro se motion for post-conviction relief ("post-conviction motion") in the Nance County District Court on December 29, 2009. (Filing No. 9-3 at CM/ECF p. 26.) Thereafter, through counsel, he filed an amended post-conviction motion on April 14, 2010. (*Id.* at CM/ECF p. 40.) The Nance County District Court denied Glassco's post-conviction motion on November 15, 2010. (*Id.* at CM/ECF p. 47.) Glassco timely appealed the denial to the Nebraska Court of Appeals, which denied relief in a detailed opinion. *See State v. Glassco*, A-10-1197 (Neb. Ct. App. Aug. 30, 2011) ("*Glassco II*") (opinion available at Filing No. 9-3 at CM/ECF pp. 110-118.) Thereafter, Glassco sought relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (Filing No. 9-4 at CM/ECF p. 5.)

### C.  Glassco's Petition for Writ of Habeas Corpus

Glassco timely filed his Petition in this court on December 27, 2011. (Filing No. 1.) Glassco filed a Brief in support of his Petition. (Filing No. 20.) In response to Glassco's Petition, Respondent filed an Answer, two Briefs, and the relevant state court records. (Filing Nos. 9, 10, 11, and 21.) In light of these filings, the court deems this matter fully submitted.

4

## II. DISCUSSION OF CLAIMS ONE, TWO, THREE, EIGHT, AND NINE

### A. Standards for Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska

Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In order to fairly present a federal constitutional claim to the state courts, the petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (internal quotation marks and citation omitted). "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005), *cert. denied*, 546 U.S. 844 (2005) (internal quotation marks and citations omitted). Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the

merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989) (internal quotation marks omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (internal quotation marks omitted).

## B. Procedurally-Defaulted Claims

Glassco did not give the Nebraska state courts a full and fair opportunity to resolve Claims One, Two, Three, Eight, or parts of Claim Nine.

### 1. Claims One and Two

In Claims One and Two, Glassco argues that his federal due process rights were violated when the trial court and the prosecution did not follow the requirements set forth in Nebraska's habitual criminal statute. Glassco presented similar claims in his brief to the Nebraska Court of Appeals. (Filing No. 9-2 at CM/ECF pp. 39-49.) However, the claims he presented to the Nebraska Court of Appeals were not federal due process claims. Therefore, Claims One and Two were not fairly presented in the Nebraska state courts. *See Cox*, 398 F.3d at 1031 ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."). In addition, Glassco is now barred from raising the claims in what would be a successive post-conviction motion. *Hall*, 646 N.W.2d at 579 ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.") Therefore, Claims One and Two are procedurally defaulted.

### 2. Claim Three

Glassco's third claim is that his federal due process rights were violated when the trial court "improperly assumed" that two witnesses had identified Glassco as the person appearing in various photographs. Glassco arguably raised Claim Three on

7

direct appeal to the Nebraska Court of Appeals. (*See* Filing No. 9-2 at CM/ECF pp. 51-53.) However, he did not raise Claim Three in his petition for further review to the Nebraska Supreme Court. (*See id.* at CM/ECF pp. 62-69.)

As set forth above, "one complete round" in Nebraska ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court. *Akins*, 410 F.3d at 454-55. Glassco did not present Claim Three in one complete round in the Nebraska state courts, and he is now barred from doing so. For these reasons, Claim Three is procedurally defaulted.

### 3. Claim Eight

Glassco's eighth claim is that he received the ineffective assistance of trial counsel. Glassco failed to raise any part of this claim on direct appeal, which he was required to do under Nebraska law because his appellate counsel was different from his trial counsel. (*See Glassco II*, Filing No. 9-3 at CM/ECF p. 114 ("[S]ince Glassco had different counsel on direct appeal, he is precluded from arguing ineffective assistance of trial counsel in his motion for postconviction relief.") The Nebraska state courts declined to address Claim Eight because Glassco failed to meet a state procedural requirement. As such, Glassco did not fairly present this claim in the Nebraska state courts, and it is procedurally defaulted.

### 4. Claim 9, Parts 2 and 3

In Claim Nine, Parts 2 and 3, Glassco argues that he received the ineffective assistance of counsel because his appellate counsel failed to argue that the evidence was insufficient to support Glassco's conviction, and also failed to argue that the trial court abused its discretion when it overruled Glassco's motion for a new trial. Glassco raised these arguments in his amended post-conviction motion. (*See* Filing No. 9-3 at CM/ECF p. 43.) However, he did not raise these arguments on appeal to the Nebraska

Court of Appeals or in a petition for further review to the Nebraska Supreme Court. (*See id.* at CM/ECF pp. 74-109.) Therefore, these arguments were not presented in one complete round in the Nebraska state courts, and they are procedurally defaulted.

## C. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

As best as the court can tell, Glassco argues that his appellate counsel's failure to allege that his trial counsel was ineffective is cause for the procedural default of Claim Eight. (Filing No. 20 at CM/ECF p. 32.) However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Moreover, the Nebraska Court of Appeals determined that Glassco's appellate counsel was *not* ineffective for failing to argue that trial counsel was ineffective. (Filing No. 9-3 at CM/ECF p. 118.) As discussed later in this Memorandum and Order, this decision by the Nebraska Court of Appeals was not based on an unreasonable application of clearly established federal law or contrary to federal law.

9

Glassco has not argued that failure to consider his defaulted claims will result in a fundamental miscarriage of justice. Regardless, in order for Glassco to invoke the fundamental-miscarriage-of-justice exception, he would have to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Glassco has not done so. Thus, for the reasons set forth above, Claims One, Two, Three, Eight, and parts of Claim Nine are dismissed because they are procedurally defaulted and Glassco has not shown cause to excuse the procedural default.

### III. DISCUSSION OF CLAIMS FOUR, FIVE, AND NINE

#### A. Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable

10

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotations and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA

review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

### B. Claim Four

Glassco's fourth claim is that the evidence adduced at trial was insufficient to support his convictions. The court's review of this claim is limited by the standard of review described above. In addition, within the context of § 2254, the court considers "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Liggins v. Burger*, 422 F.3d 642, 647 (8th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

#### 1. State Court Findings

The Nebraska Court of Appeals considered and rejected Glassco's argument that the evidence was insufficient to support his conviction:

> Glassco was convicted of burglary and misdemeanor theft by unlawful taking. "A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28-507(1) (Reissue 2008). "A person is guilty of theft if he or she takes, or exercises

12

> control over, movable property of another with the intent to deprive him or her thereof." Neb. Rev. Stat. § 28-511(1) (Reissue 2008).
>
> Viewing the evidence in the light most favorable to the State, we conclude the evidence established that various items were stolen from the Meyers' home by gaining entry by breaking a door. Items stolen included checks, two watches, an engagement ring, and a collectible belt buckle valued at $25 which items were located in Glassco's vehicle. Glassco was identified as an individual who was working on Kilday's property during the time that the Meyers' were residing on the property and were moving their belongings to a new residence over an extended period of time. Additionally, Kilday testified that he identified Glassco as one of the people in photographs made from the video obtained from the drug store in Lincoln at the time a forged check was passed on Duane's checking account. This evidence is sufficient to support Glassco's convictions.

(Filing No. 9-2 at CM/ECF p. 77.) After the Nebraska Court of Appeals denied relief on this issue, Glassco petitioned the Nebraska Supreme Court for further review, which also denied relief. (Filing No. 9-4 at CM/ECF p. 2.)

### 2. Deference

The foregoing findings of fact and conclusions of law made by the Nebraska state courts are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Thus, after a careful review of the record, the court finds that the Nebraska state court decisions on the issues raised in Claim Four were neither contrary to clearly established federal law nor involved an unreasonable application of clearly established federal law. As such, Glassco's request for relief on Claim Four is denied.

### C. Claim Five

Glassco's fifth claim is that he was convicted in violation of the Fourth Amendment because law enforcement officers did not have permission to search his

vehicle. The United States Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), precludes this court from reviewing Claim Five. Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. In practice, this means that "Fourth Amendment claims asserted by state prisoners in federal habeas petitions are to be treated differently from other constitutional claims." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994).

In order for Glassco to show that he was not afforded a full and fair litigation of his claim, he must show that "the State 'provided no corrective procedures at all to address the alleged Fourth Amendment violation' or that the State 'provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.'" *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (quoting *Willett*, 37 F.3d at 1271-72).

Here, Glassco actually litigated his Fourth Amendment claim in the Nebraska Court of Appeals, and in the Nebraska Supreme Court. (*See* Filing No. 9-2 at 49, 62.) Glassco concedes as much, but argues that he did not *fully* litigate the claim because his trial counsel failed to raise important facts. (Filing No. 20 at CM/ECF pp. 27-28.) However, the question is whether there was an "unconscionable breakdown" in Nebraska's process that prevented him from raising his Fourth Amendment claim. Here, it is clear from the record that there was not. Nebraska procedures allowed Glassco to raise the claim in a pre-trial motion to suppress and to challenge the findings on direct appeal to the Nebraska Court of Appeals and in a petition for further review to the Nebraska Supreme Court. In light of these findings, the court cannot consider Claim Five because the Nebraska courts provided an adequate procedure for Glassco to raise the claim, and Glassco was not foreclosed from using that procedure.

In Claim Five, Glassco also argues that law enforcement officers exceeded their authority when they obtained surveillance video from a drug store. However, Glassco

14

has no standing to contest law enforcement's actions in obtaining the video from a third party. *See Rakas v. Illinois*, 439 U.S. 128, 134 (1978) (holding that an individual cannot challenge "a search of a third person's premises or property" as he "has not had any of his Fourth Amendment rights infringed"). For the foregoing reasons, Claim Five is dismissed.

### D. Claim Nine, Part 1

In Claim Nine, Part 1, Glassco argues that appellate counsel was ineffective for failing to allege the ineffectiveness of trial counsel. Specifically, he argues that appellate counsel should have argued that trial counsel was ineffective for (1) failing to insist that the district court rule on Glassco's motion to suppress identifications from surveillance video and photographs, (2) failing to locate Sarah Mueller and call her as a witness, (3) failing to renew the motion for a directed verdict, (4) failing to impeach key witnesses, and (5) pressuring Glassco into waiving his right to a jury trial. The Nebraska Court of Appeals addressed these arguments under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

#### 1. *Strickland* Standard

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d

1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 U.S. at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro*, *supra*, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 122.

### 2. State Court Findings

Glassco raised Claim Nine, Part 1, in his amended post-conviction motion to the district court, on appeal to the Nebraska Court of Appeals, and in a petition for further review to the Nebraska Supreme Court. In each instance, the Nebraska state courts rejected Glassco's arguments. The Nebraska Court of Appeals did so in a detailed opinion:

In considering whether appellate counsel was ineffective, we assess the strength of the claims of ineffectiveness of trial counsel raised by Glassco.

### 1. IDENTIFICATION EVIDENCE

Glassco contends that trial counsel was ineffective in failing to insist that the district court rule on the motion to suppress identifications from surveillance video and photos, for failing to object on hearsay grounds at the suppression hearing to the testimony of Sheriff Davis Moore and Deputy Mark Monroe about who Donald Kilday and/or Duane Meyer said the individual looked like in photographs from surveillance video, for failing to object to seven photographs contained on exhibits 14 and 24 from the surveillance video because Kilday only testified at the suppression hearing to two photographs, and for failing to object to surveillance video, photographs from that video, and the store manager, Michael Gleasons, testimony regarding both.

Glassco was convicted of burglary and misdemeanor theft. The stolen items were found in a vehicle which was searched pursuant to consent. Further, Glassco was identified as an individual who was working on the property from which the items were stolen during the time that the persons who were residing on the property were moving their belongings to a new residence over an extended period of time. Even without any identifications from surveillance and photos there was sufficient evidence to support Glassco's convictions; therefore, Glassco cannot establish prejudice on these claimed errors.

### 2. FAILURE TO MAKE SUFFICIENT EFFORT TO LOCATE WITNESS

Glassco contends that trial counsel was ineffective for failing to make a sufficient effort to locate his girlfriend, Sarah Mueller, as a witness. However, in a letter to trial counsel, Glassco states that "In regards to my fiance Sarah Mueller, I only wanted to inform you of her unstableness. Sarah, like I said is very edgy and does not have a very good since (sic) of keeping her thoughts organized and has a tendancy (sic) to get information she absorbs confused." Glassco goes on to discuss Sarah's medical conditions and states "I worry that these

17

conditions may be detrimental to the case if she is caused to be overwhelmed by [the] prosecution."

Even if trial counsel could locate Sarah, it would have been entirely reasonable trial strategy not to call her as a witness, given the concerns raised by Glassco himself. In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *State v. Sidzyik*, 281 Neb. 305, 313, 795 N.W.2d 281, 288 (2011); *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003) . Trial counsel is afforded due deference to formulate trial strategy and tactics. *State v. Sidzyik*, *supra*. Glassco can establish no prejudice from this claimed error.

### 3. FAILURE TO RENEW MOTION FOR DIRECTED VERDICT

Glassco contends that trial counsel was ineffective for failing to renew the motion for a directed verdict. Although trial counsel did not renew the motion for a directed verdict, on direct appeal, appellate counsel raised the issue that the evidence was insufficient to support his convictions. A defendant who moves for dismissal or a directed verdict at the close of the evidence in the State's case in chief in a criminal prosecution, and who, when the court overrules the dismissal or directed verdict motion, proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict, but may challenge sufficiency of the evidence for the defendant's conviction. *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002); *State v. Severin*, 250 Neb. 841, 553 N.W.2d 452 (1996). Glassco cannot establish prejudice.

### 4. FAILURE TO IMPEACH WITNESS

Glassco contends that trial counsel was ineffective for failing to impeach Elmer Meyer about the number of watches stolen or about the misidentification of property as his own. Even if counsel had cross-examined Elmer about these issues, they are insignificant and would not have had any impact on the result of the trial. Therefore, Glassco cannot establish prejudice on this claimed error.

### 5. PRESSURING INTO WAIVING RIGHT TO JURY TRIAL

18

>  Glassco testified at the postconviction hearing and he contends in his appellate brief that trial counsel pressured him into waiving his right to a jury trial. However, he did not allege this in his amended motion for postconviction relief and therefore, we need not address it here. *See State v. Davlin*, 277 Neb. 972, 766 N.W.2d 370 (2009) (where district court not presented with allegation in any of Davlin's three motions for postconviction relief, appellate court need not address allegation on appeal).
>
> ### IV. CONCLUSION
>
>  Having found that trial counsel was not ineffective it follows that appellate counsel was likewise not ineffective for failing to raise the issue of ineffectiveness of trial counsel on direct appeal. Appellate counsel could not have been ineffective in failing to raise a nonmeritorious claim that trial counsel was ineffective. *State v. Jim*, 275 Neb. 481, 747 N. W. 2d 410 (2008). Therefore, we find that the district court properly denied Glassco's motion for postconviction relief and we affirm.

(Filing No. 9-3 at CM/ECF pp. 115-118.)

After the Nebraska Court of Appeals denied relief on these issues, Glassco petitioned the Nebraska Supreme Court for further review, which also denied relief. (Filing No. 9-4 at CM/ECF p. 5.)

### 3. Deference

The foregoing findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. The Nebraska Court of Appeals reviewed all of the evidence and determined, based on *Strickland* and other federal and state law, that Glassco's appellate counsel's performance was not deficient. The court agrees.

The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Glassco has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska state courts were incorrect in any of the factual determinations.  28 U.S.C. § 2254(e)(1).  The grant of a writ of habeas corpus is not warranted on these issues because the Nebraska state courts correctly applied *Strickland* and other federal law.

      IT IS THEREFORE ORDERED that:

      1.     Glassco's Petition (Filing No. 1) is dismissed with prejudice.

      2.     A separate judgment will be entered in accordance with this Memorandum and Order.

      3.     All pending motions are denied as moot.

DATED this 23rd day of August, 2012.

                                      BY THE COURT:

                                      *Richard G. Kopf*
                                      Senior United States District Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.